DAVID T. PROSSER, J.
¶ 63. {concurring). This case involves alleged irregularities in the sentencing of Danny Robert Alexander, Sr. (Alexander).
¶ 64. Alexander was charged with presenting two forged checks for payment at different U.S. Bank branches in Milwaukee County on December 15, 2011. The two forgeries were contained in a single count that was filed on January 16, 2012.
¶ 65. Alexander pled guilty to the single count on February 21, 2012, before Milwaukee County Circuit Judge Jeffrey Wagner, who ordered a PSI. He was sentenced on the Milwaukee forgeries on April 10, 2012.
*324 f 66. The agent who prepared the PSI for the court did not interview Alexander personally. Instead, the agent attached to the PSI certain admissions that Alexander made to another agent on December 30 after his December 27 arrest. The admissions acknowledged Alexander's involvement in additional forgeries in Waukesha County. The form on which Alexander made the admissions (DOC-1305) included the following language at the top of the form:
I have been advised that I must account in a truthful and accurate manner for my whereabouts and activities, and that failure to do so is a violation for which I could be revoked. I have also been advised that none of this information can be used against me in criminal proceedings.
¶ 67. The essence of Alexander's grievance is that these admissions were confidential, could not be used against Alexander in any criminal proceeding, and should not have been attached to the PSI. He demands resentencing before a different judge, as ordered by the court of appeals.
¶ 68. There is no dispute that Alexander should have been interviewed personally by the PSI writer. If Alexander had been interviewed personally, he likely would have been asked about other forgeries because that information was known to the PSI writer. There also is no dispute that Alexander's admissions to the other agent should not have been attached to the PSI by the PSI writer.
¶ 69. Nonetheless, mistakes in criminal procedure are not uncommon and are normally evaluated in terms of their impact on the defendant. "The court shall, in every stage of an action, disregard any error *325 or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." Wis. Stat. § 805.18(1).
¶ 70. In this case, neither the defendant nor the defendant's attorney objected to the errant attachments. This failure to object amounted to a forfeiture and shifted the case to a claim of ineffective assistance of counsel. No matter how one looks at the case, however, the defendant bears the burden of showing that he suffered prejudice from any alleged error.
¶ 71. Plainly, there was no prejudice in this case. This is evident from the following historical facts.
¶ 72. First, the initial CCAP entry in the present case reads as follows: "01-16-12 Complaint filed. Additional text: OTP from Waukesha County" (emphasis added). This CCAP entry is in the record. OTP means "order to produce" from Waukesha County, implying that Alexander was in custody in Waukesha County. An inquiring mind would want to know why Alexander was in custody.
¶ 73. Second, the PSI contained a statement from the victim:
Mr. Harlan Peterson, Senior Fraud investigator for US Bank Corporation, was interviewed for the PSI. Mr. Peterson stated that he has been highly involved in this case as there were several checks cashed by several suspects in a ring of fraudulent activities involving area businesses and US Bank, as well as other financial institutions. Mr. Peterson stated, "I'm tired of the Danny Alexander's [sic] of the world who come into our banks and have the audacity to cash as many fraudulent checks as they want and leave. They are caught, because they usually don't care if they get caught; but at sentencing the Defense Attorney will say, 'well, it's only a couple thousand dollars.' Well here, we (US *326 Bank) have a total loss of $12,000 from Danny and his accomplices. And that's just us; there are other victims here and other pending cases."
(Emphasis added.)
¶ 74. Third, the PSI also states, under the heading "PERSONAL HISTORY": "The defendant has five siblings: Jackie Alexander, John Alexander, Chris Alexander, Jamie Alexander, and Michael Alexander. His brothers Chris, Jamie, and Michael are all suspects in offenses related to the present offense in both Milwaukee and Waukesha Counties." (Emphasis added.)
¶ 75. Fourth, CCAP indicates that criminal charges were filed against Danny R. Alexander, Sr. in Waukesha County on March 13, 2012. Alexander was charged with three counts of violating Wis. Stat. § 943.38(2) (forgery-uttering).
¶ 76. The March 13, 2012, complaint was issued before the PSI in the Milwaukee case was filed (March 29, 2012) and before Alexander was sentenced in the Milwaukee case (April 10, 2012). Moreover, the Waukesha charges against Danny Alexander were part of a 15-count complaint filed against Danny's brothers, Christopher N. Alexander, Jamie D. Alexander, and Michael C. Alexander, and three others. All defendants pled to the charges against them in due course, and all the Alexander brothers received felony convictions.
¶ 77. Is there any wonder then why there was no explicit discussion of the errant attachments to the PSI, which sugar-coated Alexander's involvement in a substantial forgery scheme?
¶ 78. Fifth, Danny Alexander was revoked on one of his multiple prior felony convictions on March 23, 2012 before he was sentenced on the Milwaukee forg *327 ery. His sentence on the Milwaukee forgery was made concurrent to the revocation sentence, so that he will serve less than two years of his three-year confinement in prison solely because of the Milwaukee conviction. Moreover, his sentence in Waukesha County on one felony count, plus two felony read-ins, was three years of extended supervision consecutive to the extended supervision in the Milwaukee case. In other words, the Waukesha County court gave him no additional prison confinement time for the three Waukesha County forgeries.
¶ 79. How exactly has the defendant been prejudiced by the mistaken attachments to the PSI? Inasmuch as I believe there is no convincing answer to this question, I respectfully concur in the majority opinion.